IN THE MATTER OF: THE PROPOSED ASSESSMENT OF ADDITIONAL FRANCHISE TAX AGAINST R. J. REYNOLDS TOBACCO COMPANY FOR THE TAXABLE YEARS 1981 AND 1982

No. 9021SC191

(Filed 15 January 1991)

**Taxation § 29 (NCI3d) — inventory tax credit — election of inventory method by taxpayer**

In the absence of any authority directing which inventory method is to be used in the computation of the inventory tax credit, the right to elect the method rests with the taxpayer.

**Am Jur 2d, State and Local Taxation § 212.**

APPEAL by the Secretary of Revenue of the State of North Carolina from a judgment entered 17 November 1989 by *Judge Howard R. Greeson* in Superior Court, FORSYTH County. Heard in the Court of Appeals 20 September 1990.

**IN RE PROPOSED ASSESSMENT OF ADDITIONAL TAX**

[101 N.C. App. 382 (1991)]

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Marilyn R. Mudge, for appellant Helen A. Powers, Secretary of Revenue of the State of North Carolina.*

*Hendrick, Zotian, Cocklereece & Robinson, by John A. Cocklereece, Jr. and William A. Blancato, for appellee R.J. Reynolds Tobacco Company.*

LEWIS, Judge.

This case strikes us as somewhat unique in that neither party has cited any case law nor direct statutory authority for their positions. We also note that the subject of this appeal, G.S. § 105-163.03(a) has been repealed so that this case will not be seen again.

The issue in this case is the proper inventory accounting method to be used for certain tax purposes. R.J. Reynolds Tobacco Company ("Reynolds") utilized two inventory accounting methods in the computation of their various state taxes: (1) LIFO (last in/ first out) and (2) FIFO (first in/ first out). The LIFO method disregards the actual flow of goods through inventory and assumes that the items first withdrawn from inventory are those most recently acquired. The effect of the LIFO method is to increase the cost of goods sold and to decrease taxable income and the amount at which Reynolds' ending inventory is shown on its books. FIFO assumes that the items first withdrawn from the inventory are the oldest.

The method of inventory accounting used by Reynolds is significant for a number of state tax purposes. First, inventory is a component of the "franchise tax base," from which Reynolds' franchise tax liability is determined. Second, inventory is also a component of the "property factor," which is used to determine the amount of Reynolds' income which is to be apportioned to and taxed by the state of North Carolina. Finally, Reynolds is entitled to a credit, referred to as the "inventory tax credit," against its corporate income tax liability based on the amount of local property taxes it pays.

For the years 1981 and 1982, Reynolds used the LIFO method of inventory accounting consistently in these state tax computations. Pursuant to § 471 of the Internal Revenue Code, Reynolds also elected to use the LIFO method of inventory valuation for

its federal income tax purposes. (This necessarily resulted in an identical election to use LIFO for North Carolina income tax purposes because North Carolina's corporate income tax law piggybacks onto the federal code at the net taxable income level. *See* G.S. § 105-163.02(1).)

In its Notice of Tax Assessment, the Secretary of Revenue proposed adjustments to Reynolds' franchise and income tax liabilities. The Secretary proposed that Reynolds use the FIFO method of inventory accounting to determine its franchise tax base for franchise tax purposes. The Secretary used the same accounting method to compute Reynolds' property factor for income tax apportionment purposes. The Secretary refused, however, to use the FIFO method to compute Reynolds' inventory tax credit, using the LIFO method instead. The cumulative effect of these adjustments was an assessment of franchise tax underpayment of $1,978,027 and an income tax overpayment of $278,837 for a net franchise and income tax underpayment of $1,699,190. This underpayment was paid by Reynolds under protest.

Reynolds appealed the Final Decision of the Secretary to the Tax Review Board which sustained the Secretary's position in Administrative Decision No. 246. Reynolds paid the assessment under protest and appealed to the Superior Court. From an order reversing Administrative Decision No. 246, the Secretary appeals.

We find it important to clarify from the outset that the only issue before us is the inventory method that Reynolds must use to determine the amount of Reynolds' inventory tax credit. Reynolds successfully argued below that in the interest of equity and uniformity, if the Secretary of Revenue uses the FIFO method to determine franchise tax and income tax apportionment, the Tax Board must also use the FIFO method for determining its inventory tax credit.

The focus of this dispute centers around the language contained in G.S. § 105-163.03(a), the inventory tax credit statute which specifies that the "book value of the manufacturer's qualifying inventories" are used to determine the inventory tax credit. "Book value" is defined as "[t]he net amount at which qualifying inventories *are valued for North Carolina income tax purposes,*. . . ." G.S. § 105-163.02(1) (emphasis added). Because Reynolds uses the LIFO accounting method for state income tax purposes, the Secretary of Revenue argues that qualifying inventories for the purposes

of the inventory tax credit must also be valued using the LIFO method. Reynolds contends that it *values* its inventories at cost for income tax purposes; once valued at cost, the accounting method used to track these inventories is irrelevant. The term "valued" as used in G.S. § 105-163.02(1) is not defined in the Code. It is not clear from the statute whether the term "valued" includes both the *cost* of the goods and materials reported on the state income tax form as well as the inventory method used to track the flow of those goods through inventory for state income tax liability.

The inventory tax credit statute does not set forth explicitly which accounting method is to be used in determining the inventory tax credit. Both the FIFO and the LIFO methods are standard, generally accepted accounting theories of inventory valuation. Both parties advance interesting, well-reasoned contentions as to which method the legislature intended the taxpayer to use in computing the credit. In the absence of any authority directing which method is to be used, we hold that the right to elect which inventory method to use in the computation of the tax credit rests with the taxpayer. Reynolds elected to use FIFO in the interest of uniformity, and we uphold the decision of the trial court, allowing Reynolds to elect that method for the purpose of computing its inventory tax credit.

Affirmed.

Judges WELLS and COZORT concur.